Kapper, J. (dissenting):
I dissent. The assessors assessed the property as three separate parcels with a specific valuation on each parcel. The first parcel was assessed at $544,010. This, the referee and the Special Term increased to* $894,101.33. The taxable values on the other two parcels were decreased by the referee and the Special Term, so that the aggregate assessment fixed by them is $1,035,294, which is about $7,000 less than that fixed by the assessors. I think the practice adopted by the assessors of assessing in separate parcels was likewise adopted by the referee and the Special Term, and that there was in law and in fact an increase of the assessed value upon the review by certiorari which they were powerless to effect. (People ex rel. Kemp R. E. Co. v. O’Donnel, 198 N. Y. 48.) Granting that the case cited arose under the provisions of the Greater New York charter, which differ in some respects from the general Tax Law operative throughout the State, I do not understand that the principle which denies the right to the court upon a review by certiorari to increase the assessment is unfavorably affected by the State law. If the three parcels were in three separate ownerships, there would seem to be no doubt of the lack of power to increase. I am not satisfied that that principle can be affected by reducing some parcels and increasing others so that the aggregate assessment against the one owner is not greater than the original assessment upon the whole. In my opinion there should be a rehearing or at least a reduction of the valuation of the first parcel to the sum for which it was originally assessed.
Final order modified by striking therefrom the provision for coh1<. disbursements and allowance to the assessors, and as so moil hied affirmed, without costs.